UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ALAMEDA COUNTY ELECTRICAL INDUSTRY SERVICE CORPORATION, *et al.*,<br><br>  Plaintiffs,<br>   v.<br>BANISTER ELECTRICAL, INC.,<br>  Defendant.<br>_____/ | No. C 11-04126 LB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>[ECF No. 13] |

## I. INTRODUCTION

Plaintiffs - the trust funds and the trustees of the employee benefit plans for electricians - sued Defendant Banister Electrical, Inc. for failing to make its required contributions to the trust funds in violation of the parties' collective bargaining agreement, the trust agreements, and the Employee Retirement Income Security Act (ERISA). *See* Complaint, ECF No. 1 at 2, ¶ 2.[1] At the May 2, 2012 hearing, the court was under the misapprehension that Plaintiffs' newly sought relief only took into account new, partial payments from Banister and that there had been meaningful notice. Having reviewed the new declaration, which was filed by Plaintiffs just two days before the hearing, the court denies Plaintiffs' motion for default judgment because Plaintiffs seek relief that differs from that set forth in the complaint and did not provide sufficient notice to Banister.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-04126 LB
ORDER

## II. DISCUSSION

The facts of this case present a frequently recurring issue: in the context of a default judgment, what is required when the damages sought by the plaintiffs are a constantly moving target as (a) additional damages accrue and (b) the defendants partially cure past deficiencies over the course of the litigation.

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for – and the court may grant – a default judgment against a defendant who has failed to plead or otherwise defend an action. *See Draper v. Combs,* 792 F.2d 915, 925 (9th Cir. 1986). But the plaintiff must prove all damages sought in the complaint. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). And "even a defaulting party is entitled to have its opponent produce some evidence to support an award of damages." *LG Elecs., Inc. v. Advance Creative Computer*, 212 F.Supp.2d 1171, 1178 (N.D. Cal. 2002).

Furthermore, pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The purpose of this rule is to ensure that a defendant is put on notice of the damages being sought against it so that he may make a calculated decision as to whether or not it is in his best interest to answer. *In re Ferrell,* 539 F.3d 1186, 1192-93 (9th Cir. 2008); *Board of Trustees of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co.*, No. 08-2038 SC, 2009 WL 1704677, at *3-5 (N.D. Cal. June 17, 2009).

In a similar case, another court in this district held that the defendants were put on notice that the plaintiffs were seeking post-filing contributions even though the amounts were not specified in the complaint. *Board of Trustees of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co.*, No. 08-2038 SC, 2009 WL 1704677, at *3-5 (N.D. Cal. June 17, 2009). In *Total Air Balance*, the plaintiffs filed the complaint, and after payments and subsequent non-payments, they filed an amended complaint which demanded "additional monthly amounts [that] bec[a]me due during the course of this litigation." *Id.* at *3. The defendant was served the complaint, amended complaint, the motion for default judgment and accompanying declarations evidencing the unpaid contributions. *Id.* at *5. The court determined that, based on these facts, the defendant was put on

UNITED STATES DISTRICT COURT
For the Northern District of California

1 notice and "was capable of tracking its liability" of the post-filing damages. *Id.* Further, the court
2 stated that requiring the plaintiffs to continue to file amended complaints or supplemental pleadings
3 would lead to indefinite entries of default by the court because defendant remained a "moving
4 target." *Id.* The court held that in the interest of justice, the plaintiffs should be awarded all pre-
5 judgment delinquent contributions. *Id.*

6 On the other end of the spectrum, a district court denied a plaintiff's motion for default judgment
7 where the complaint failed to estimate the amount of contributions sought but, instead, alleged that
8 the defendant had unique knowledge as to the amount. *Board of Trustees of the Sheet Metal*
9 *Workers Health Care Plan of Northern California Board of Trustees of the Sheet Metal Workers*
10 *Health Care Plan of Northern California v. Kym Mechanical*, No. C 09–05944 RS, 2010 WL
11 2486627, at *2 (N.D. Cal. June 15, 2010).

12 Splitting the difference, a district court refused to award a plaintiff contributions that were
13 delinquent when the complaint was filed but permitted recovery of the contributions that
14 subsequently became due. *Bay Area Painters v. Alta Specialty*, No. C06–06996 MJJ, 2008 WL
15 114931, at *4 (N.D. Cal. Jan.10, 2008).

16 The undersigned has generally found the first approach to be most appropriate. *See, e.g., Board*
17 *of Trustees of Northern California Sheet Metal v. Efficient Energy Concepts, Board of Trustees of*
18 *Northern California Sheet Metal v. Efficient Energy Concepts, Inc.*, No. C 11–02626 LB, 2011 WL
19 7062493, at *6 (N.D. Cal. Dec. 22, 2011). But there is a limit to the flexibility that may be
20 employed and this case has exceeded those limits.

21 Here, in their complaint, which was filed in August 2011, Plaintiffs sought damages for unpaid
22 contributions "from March 1, 2011 to the present," alleging specifically that the amount of unpaid
23 contributions, liquidated damages, and interest through August 20, 2011 was $43,313.32.
24 Complaint, ECF No. 1 at 5.

25 When Plaintiffs filed their motion for default judgment in March 2012, Plaintiffs sought
26 approximately $20,000 in unpaid contributions for work performed during the months of September,
27 October, and November of 2011, and the attendant liquidated damages and interest. Motion, ECF
28 No. 13 at 2.

Then, at the initial hearing on March 1, 2012, Plaintiffs' counsel admitted that Plaintiffs' submissions to the court were no longer accurate because Defendant had made interim payments. Plaintiffs' counsel asked if he could orally amend the amount to $9,155.97 because Defendant had made additional payments. He explained that he had not filed an updated declaration regarding the reduced amount now sought because he was concerned that the court would move the hearing date. Plaintiffs' counsel provided no advance documentation of the change in damages sought despite having notified the courtroom deputy of the issue and having been informed that he should file an updated declaration. Without any advance documentation, the court could not verify the amount of damages sought. Additionally, the filing of updated declarations – in conjunction with serving these filings on the defaulting party – creates a clear record of notice to the defaulting party. Given these factors, the court denied Plaintiffs' oral request, deferred ruling on the matter until a subsequent hearing initially scheduled for April 5, 2012 and directed Plaintiffs to file updated declarations.

On March 20, 2012, Plaintiffs' counsel filed an updated declaration that informed the court that Bannister Electrical paid $17,081.26. Thomas Decl., ECF No. 17 at 2. Plaintiffs requested no more costs or attorneys' fees than in the original motion. *Id.* Then, on April 2, 2012, just three days before the scheduled hearing, Plaintiffs re-noticed the hearing without any explanation. Notice, ECF No. 19 at 1.

Subsequently, on April 30, 2012, Plaintiffs filed another updated declaration, seeking approximately $9,000 in delinquent contributions and interest for two new months – February and March 2012 – along with additional attorneys' fees. McClaskey Decl., ECF No. 21 at 3; Thomas Decl., ECF No. 21-2 at 2.

Here, Plaintiffs' actions appear to demonstrate that they are using the motion for default judgment as a mechanism for extracting payments from Banister Electrical. A motion for default judgment with constantly updated declarations might not be the most appropriate or best means for chasing a moving target.

Moreover, Plaintiffs' notice regarding the final requested relief was deficient. Plaintiffs filed their last declaration with an updated request for damages on April 30, 2012. ECF No. 21 at 1. Plaintiffs served this declaration on Bannister Electrical via mail on that same day. ECF No. 21-2 at

2. The hearing on Plaintiffs' motion was scheduled for May 2, 2012. ECF No. 20. Mailing the updated declaration only two days before the hearing simply does not provide sufficient notice to a defaulting defendant. *See* Fed. R. Civ. P. 6(e) (allowing three extra days for a response if service is by mail).

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiffs' motion for default judgment. If Plaintiffs wish to pursue the damages sought in the April 30, 2012 declaration, they may file an amended complaint within 45 days and a new motion for default damages, if and when the clerk enters default. The court further **ORDERS** Plaintiffs to serve a copy of this order on Banister Electrical.

This disposes of ECF No. 13.

**IT IS SO ORDERED.**

Dated: July 25, 2012

LAUREL BEELER
United States Magistrate Judge